BRITISH FOREIGN MARINE INS. CO. *v.* BOARD OF ASSESSORS *et al.*
LIVERPOOL & LONDON & GLOBE INS. CO. *v.* SAME.

*(Circuit Court, E. D. Louisiana. April 10, 1890.)*

FOREIGN CORPORATION—TAXATION.
    Under Acts La. 1886, No. 76, which provides that if the capital of a foreign insurance company shall not have been taxed in any other state the company shall be taxed on its gross receipts, but provides no method for ascertaining the amount of the gross receipts, and fixes no rate of taxation, the gross receipts cannot be taxed.

On Motion for Injunction *pendente lite.*
*W. W. Howe,* for British Foreign Marine Insurance Company.
*Huntington & Dufour,* for Liverpool & London & Globe Insurance Company.
*Wynne Rogers,* for the State.
*Sam. L. Gilmore,* for city of New Orleans.
Before PARDEE and BILLINGS, JJ.

PER CURIAM. These suits are proceedings in equity, and submitted upon bill and affidavits for injunctions *pendente lite.* The complainants are foreign insurance companies, and have been taxed upon their gross receipts, estimated for the current year in advance by the assessors, and seek to enjoin the state officers and the officers of the city of New Orleans from collecting this tax. The statutes of the state on the subject are an act in relation to insurance companies, etc., No. 76 in the Acts of 1886, and the general annual revenue act No. 98 of the same year. Both these

acts were approved on the same day. The general revenue act was re-enacted in 1888. The act in relation to insurance companies provides that the capital of the foreign insurance companies shall be determined and certified to by the secretary of state yearly, and shall be the aggregate value of the deposits made in this state and in the other states of the Union, as the security for the policy-holders, and bonds or mortgages upon real estate in the United States, with the proviso as follows: Provided "that said capital has not been taxed and paid by the main agency or company in any other state, then taxation shall be levied upon the gross receipts, less deductions governing companies organized under the laws of this state." There is no other provision for taxing gross receipts. There is no method presented or indicated for ascertaining them. On the contrary, in the general revenue law, the valuations upon which taxes are to be assessed are required to be ascertained at the beginning of each year. In the general revenue law there is a most comprehensive enumeration of the things which shall be subject to taxation, but gross receipts are not mentioned, nor are they included in anything which is named. It is further to be observed that in the proviso, which contains the only authority for taxing gross receipts, no rate of taxation is fixed, or authorized to be fixed. In the absence of any method, which the nature of the thing would require for ascertaining or approximating to the amount of gross receipts for an entire coming year, as well as in the absence of the establishment of any rate at which the amount, when reached, should be taxed, we are of the opinion that the gross receipts of the complainants cannot be deemed to have been subjected to any tax by the legislature, and therefore allow the injunctions *pendente lite* as prayed for.